# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOMAN ZARRABIAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>    Defendants. | Case No.: 21-cv-1962-LAB-MDD<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO DISMISS, [Dkt. 11]; and**<br><br>**2) DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT, [Dkt. 10].** |

Plaintiffs Hooman Zarrabian and Bahar Bandegan (collectively, "Plaintiffs") are asylum seekers from Iran. After U.S. Citizenship and Immigration Services ("USCIS") denied their applications for adjustment of status, they brought this suit challenging that decision. They named the following Defendants: USCIS; Alejandro Mayorkas, Secretary of Homeland Security; and Terri Robinson, Director of the National Benefits Center. Plaintiffs moved for summary judgment and Defendants moved for cross-summary judgment and to dismiss the Complaint for lack of jurisdiction. Having considered the parties' submissions and the relevant law, the Court **GRANTS** Defendants' motion to dismiss and **DENIES AS MOOT** Plaintiffs' motion for summary judgment.

## I.  BACKGROUND

Hooman Zarrabian arrived in the United States on a B2 visitor visa on April 14, 2017. (Dkt. 12, Joint Statement of Undisputed Facts ("JSUF") at 1). His nonimmigrant lawful status expired on October 13, 2017. (*Id.*). Bahar Bandegan, Zarrabian's spouse, arrived in the United States on February 27, 2017, also on a B2 visitor visa. (*Id.*) Her visa expired on August 26, 2017. (*Id.* at 2).

On October 3, 2017, Plaintiffs applied for asylum, which enabled them to lawfully remain in the United States. (*Id.* at 2–3). Zarrabian's employer then filed an I-140 Petition for Alien Worker on December 5, 2019. (*Id.* at 2). After USCIS approved Zarrabian's I-140 application, both Plaintiffs filed for adjustment of their residency status. (*Id.* at 2–3). Bandegan's application was dependent on that of her spouse. (*Id.*)

On May 21, 2021, USCIS denied Plaintiffs' adjustment applications under 8 U.S.C. § 1255 on the grounds that Zarrabian failed to maintain a continuous lawful status since his admission to the United States. (*Id.*). On June 21, 2021, Plaintiffs appealed the denial of their applications. (*Id.*). USCIS denied their appeals in September 2021, and Plaintiffs commenced this action on November 18, 2021. (*Id.*; Dkt. 1).

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may only hear a claim when authorized to do so by the Constitution or statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986); U.S. Const. art. III, § 2. Federal courts have original jurisdiction over cases in which a federal question exists, or when complete diversity of citizenship exists and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331–32. A court can't reach the merits of a dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998). The allegations of the complaint control whether

a suit "arises under" federal law for purposes of 28 U.S.C. § 1331. "Where the complaint . . . seeks recovery directly under the Constitution or laws of the United States, the federal court . . . must entertain the suit." *United States v. Morros*, 268 F.3d 695, 699–700 (9th Cir. 2001).

A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). When considering a Rule 12(b)(1) motion, the Court isn't restricted to the face of the pleadings and may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. *See McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988). On a Rule 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof. *See Ass'n of Am. Med. Coll. v. United States,* 217 F.3d 770, 778–79 (9th Cir. 2000).

### III. DISCUSSION

Defendants argue this Court lacks subject matter jurisdiction because 8 U.S.C. § 1252(a)(2)(B)(i) bars judicial review of challenges to a denial of status adjustment under § 1255. (Dkt. 11 at 3–5) (citing § 1252(a)(2)(B)(i)). Defendants are correct. The statute provides, in relevant part, "regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255." § 1252(a)(2)(B). In support of their argument, Defendants cite a recent Supreme Court decision, *Patel v. Garland*, 142 S. Ct. 1614 (2022). (Dkt. 11 at 3–4). In *Patel*, the Court considered whether § 1252(a)(2)(B)(i) barred judicial review of USCIS's factual determinations made when considering a foreign national's eligibility for adjustment of residency status. *Patel*, 142 S. Ct. at 1622–23. The Supreme Court took an expansive view of the phrase "any judgment" and held that § 1252(a)(2)(B)(i) barred judicial review of "judgments of whatever kind under § 1255, not just discretionary judgments or the last-in-time judgment." *Id.* at 1622.

Here, Plaintiffs seek review of USCIS's denials of their applications for status adjustment under § 1255. (Dkt. 13 at 4–5, 7). Section 1255 is clearly enumerated in § 1252(a)(2)(B)'s jurisdiction-stripping provision. Plaintiffs argue *Patel* is distinguishable because its facts related to a discretionary decision made by an immigration judge during removal proceedings, while the decision Plaintiffs challenge was made outside of removal proceedings and by USCIS, not an immigration judge. (Dkt. 13 at 4).

However, the fact that the challenged decision was made by USCIS outside of removal proceedings doesn't meaningfully distinguish this case from *Patel*. While Plaintiffs are correct that *Patel* addressed a factual determination made in removal proceedings, § 1252(a)(2)(B)'s plain text indicates that the subsection strips courts of jurisdiction "regardless of whether the judgment, decision, or action is made in removal proceedings." § 1252(a)(2)(B). Other courts have held § 1252(a)(2)(B) deprives them of jurisdiction to review decisions outside the removal context. *See, e.g.*, *Ihekwoaba v. Garland*, SA-21-CV-1192-OLG, 2022 WL 18832231, at *1 (W.D. Tex. Nov. 29, 2022) (applying § 1252(a)(2)(B)'s jurisdiction-stripping provision to a decision made by USCIS in a non-removal context); *Kithongo v. Garland*, 33 F.4th 451, 455 (7th Cir. 2022) (holding federal courts lack jurisdiction to review an immigration judge's decision to deny an application for adjustment of status under § 1255); *see also Britkovyy v. Mayorkas*, 21-3160, 2023 WL 2059090, at *3 (7th Cir. Feb. 17, 2023) ("Because § 1255, which governs adjustment-of-status applications, is listed in § 1252(a)(2)(B)(i), a noncitizen can receive judicial review of a denial of adjustment of status only through a petition for review from a final order of removal, and even then, only for constitutional claims or questions of law.").

The statute's text also isn't limited to judgments, decisions, or actions by an immigration judge. *See* § 1252(a)(2)(B). Other courts applying *Patel* have held § 1252(a)(2)(B) strips federal courts of jurisdiction over decisions made in a

variety of contexts, regardless of whether the decision was made by an immigration judge. *See, e.g., Rivera Vega v. Garland*, 39 F.4th 1146, 1153 (9th Cir. 2022) (holding that, under *Patel*, § 1252(a)(2)(B) strips federal courts of jurisdiction to review factual findings made by USCIS, even when those factual findings are erroneous); *Martinez v. Clark*, 36 F.4th 1219, 1227 (9th Cir. 2022) (holding *Patel's* broad reading of § 1252(a)(2)(B) bars federal courts from reviewing discretionary judgments made at mandatory detention hearings under § 1226(c), and that matters of governmental grace, such as adjustment of status and cancellation of removal relief are also discretionary judgments not subject to review); *Moreno v. Garland*, 51 F.4th 40, 45 (1st Cir. 2022) (holding that, under *Patel*, the circuit court couldn't review a challenge to the sufficiency of facts which the Board of Immigration Appeals relied on in dismissing an appeal of the denial of status adjustment).

Under *Patel*, the USCIS decision Plaintiffs challenge is the type of decision that § 1252(a)(2)(B)(i) bars the Court from reviewing. The Court finds it lacks subject matter jurisdiction to review USCIS's denial of Plaintiffs' applications for adjustment of status.

## IV. CONCLUSION

The Court **GRANTS** Defendants' motion to dismiss for lack of jurisdiction. Plaintiffs' pending motion for summary judgment is **DENIED AS MOOT**. The Clerk of Court is ordered to terminate the case.

**IT IS SO ORDERED**.

Dated:  March 6, 2023

*Larry A. Burns*
**Hon. Larry Alan Burns**
United States District Judge